## AUGUSTA E. SLAY *vs.* WILLIAM W. BECK ET AL., ADMRS.

*Executors and Administrators—Petition to Revoke Letters of Administration.*

Upon the death of a man intestate, leaving a widow, infant children, two sisters and his mother surviving him, letters of administration on his estate were granted to the appellees, strangers in blood, at the request of the widow. Upon a petition by one of the sisters of the deceased, asking that these letters be revoked, the appellees alleged that the mother of the deceased had renounced her right to letters, that the petitioner had waived her right thereto, and that the other sister had also renounced. *Held*, that issues of fact are raised by this answer, and that the letters granted should not be revoked unless the issues are determined adversely to the respondents.

*Decided April 9th, 1908.*

Appeal from the Orphans' Court of Kent County.

The cause was argued before BOYD, C. J., SCHMUCKER, BURKE and WORTHINGTON, JJ.

*John Prentiss Poe*, for the appellant.

*William W. Beck* and *Lewin W. Wickes*, for the appellees.

BURKE, J., delivered the opinion of the Court.

The question raised by this appeal is a narrow one, and arises out of the following state of facts. Mr. Richard D. Hynson of Kent County died intestate in the year 1907, leaving surviving him a widow, Mrs. Emma A. Hynson, and five minor daughters. He also left a mother, Mrs. Caroline L. Hynson, and two sisters, Mrs. Rogers, a widow, and Mrs. Augusta E. Slay, the appellant in this case. On the 24th of June, 1907, Mrs. Hynson, the widow, renounced her right to administer upon her deceased husband's estate, and requested the Orphans' Court of Kent County to grant letters of administration upon his estate to William W. Beck and Lewin W. Wickes, which was done. Mrs. Rogers renounced her right to administer upon her brother's estate, and requested that letters of administration thereon be granted to her sister, Mrs. Slay; but no renunciation of her right to administer was filed by the mother, Mrs. Caroline L. Hynson. On July 9th, 1907, Mrs. Slay filed a petition in the Orphans' Court of Kent County alleging that the grant of letters of administration to the appellees was illegal, and asking that the grant of letters to them be revoked. The appellees answered this petition, and to their answer a replication was filed by the appellant. The material and substantial averments of the petition, answer, and replication are stated in the opinion of this Court in the case of *Slay* v. *Beck et al.*, reported in 107 Md.

The administrators asked that certain issues of fact raised by the pleadings be transmitted to a Court of law for trial, and the Court ordered that the seven issues, set out in the record of the above mentioned case of *Slay* v. *Beck et al.*, be sent to the Circuit Court for Kent County for trial. From that

order the appeal in that case was taken.    Upon that appeal this Court decided; first, that the widow of the deceased was first entitled to administer upon the estate of her deceased husband; secondly, upon her renunciation the right to administer devolved upon his widowed sister, Mrs. Rogers; and thirdly, upon her renunciation Mrs. Slay was entitled to letters of administration.

Except for the issues of fact raised by the appellant's answer to Mrs. Slay's petition and her replication thereto it would have been the duty of the Orphans' to have revoked the letters of administration granted to the appellees, because, in the absence of such facts, they were not entitled to administer upon the deceased's estate.    But if it were in fact true that Mrs. Hynson's renunciation was validly exercised; that Mrs. Slay had renounced, or waived her right to administer upon her brother's estate; that Mrs. Rogers had renounced, and that the grant of letters to the appellees was made, as they averred in their answer, by the consent and approval of Mrs. Hynson, the mother, and with the knowledge and approval of Mrs. Slay, it cannot be doubted that they had a right-to litigate with Mrs. Slay the question of the validity of their appointment.

The sole question before the Court in the former case related to the issues proper to be sent to the Court of law for trial.    The question of the legality of the appellees' appointment was not presented for our decision, and was not in fact determined, and the expressions used by the Court in respect to that question were not intended as an adjudication upon that subject, inasmuch as the Court settled the proper issues to be tried, and directed that the appellees should assume the burden of proof upon the trial.

For the reasons stated the order of the Orphans' Court of Kent County dated March 4th, 1908, refusing to revoke the letters of administration granted to the appellees, and dismissing the petition of Mrs. Slay will be affirmed.

*Order affirmed and cause remanded.*